IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NOELLE ROSELYN AIPPERSPACH, as Personal Representative of the Estate of MAHIR S. AL-HAKIM, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 11-01225-CV-W-DGK ) |
| PATRICK MCINERNEY, et al., | ) ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO INTERVENE

In the present lawsuit, Plaintiff Aipperspach, the Personal Representative of Mahir Al-Hakim's Estate, alleges decedent was subject to excessive force when he was shot and killed by law enforcement officers on March 18, 2010 in Riverside, Missouri. Currently pending before the Court is non-party William Hart's *pro se* motion to intervene (Doc. 76). Having fully considered Mr. Hart's argument and the Defendants' suggestions in opposition,[1] the Court denies Mr. Hart's motion.

**Standard**

Rule 24 of the Federal Rules of Civil Procedure provides that a party may intervene in an action permissively or as of right. The court must permit a party to intervene if it can show "(1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." *South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003). In deciding whether to grant a motion to intervene as a matter of right, the court liberally construes

---

[1] In ruling on the pending motion, the Court has also considered suggestions in opposition filed by Defendants Platte County, Anderson, and Green (Doc. 77); the City of Riverside, Missouri, Gregory Mills, Trevor Ballard, and Matthew Westrich (Doc. 78); the City of North Kansas City, Missouri, Glenn L. Ladd, and Kyle A. Pansing (Doc.

Rule 24 with "all doubts resolved in favor of the proposed intervenor." *Id.* The decision to allow permissive intervention, on the other hand is "wholly discretionary." *Id.* at 787. The principal consideration is whether the proposed intervention would "unduly delay or prejudice the adjudication of the parties' rights." *Id.* If the court grants a motion for permissive intervention, it may place "highly restrictive conditions" on the intervenor "because such a party has by definition neither a statutory right to intervene nor any interest at stake that the other parties will not adequately protect or that it could not adequately protect in another proceeding." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 382 n.1 (1987).

## Discussion

### A. Movant does not meet the requirements for intervention under Fed. R. Civ. P. 24(a) or 24(b).

Mr. Hart seeks to intervene in the present case as a third party. However, Mr. Hart does not meet the requirements for intervention "as of right" under Fed. R. Civ. P. 24(a) because he has failed to demonstrate a recognized interest in the litigation or show how that interest will not adequately be protected by the existing parties. Mr. Hart does not allege that he has a legal interest in the Estate of the decedent or any other "interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a). Rather, Mr. Hart's sole reason for seeking to intervene in this matter is that he "fears for his life" as a result of being a witness and informant in prior federal litigation unrelated to this matter.

Furthermore, the Court declines to grant permissive intervention where, as here, Mr. Hart has failed to allege an adequate reason for the necessity of his presence in this lawsuit. While the Court

---

80); the City of Platte Woods, Missouri, Chief of Police Larry Cory, and Officer William D. Babbitt (Doc. 82); and the City of Gladstone, Police Chief Hasty, and Officer Morales (Doc. 83).

2

Case 4:11-cv-01225-DGK   Document 110   Filed 10/09/12   Page 2 of 3

is cognizant of Mr. Hart's concerns for his personal safety, the Court does not believe his addition to the present action would properly allay those concerns. Instead, the Court finds it would unnecessarily complicate and prolong the case.

## Conclusion

For the foregoing reasons, the Court finds that Mr. Hart is not entitled to intervention under either Rule 24(a) or Rule 24(b). Accordingly, Mr. Hart's motion to intervene (Doc. 76) is DENIED. Furthermore, Defendants' Motion for Hearing (Doc. 84) is denied as moot.

**IT IS SO ORDERED.**

Dated: October 9, 2012             /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT