IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NOELLE ROSELYN AIPPERSPACH, as Personal Representative of the Estate of MAHIR S. AL-HAKIM, deceased | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11-CV-01225-W-DGK |
| PATRICK McINERNEY, et al. | ) |
| Defendants. | ) |

## JUDGMENT APPROVING SETTLEMENT WITH SEPARATE DEFENDANTS HASTY, MORALES AND THE CITY OF GLADSTONE, MISSOURI

NOW on this 22nd day of January 2013 the above captioned and numbered cause comes before the court on the Amended Motion For Approval of Settlement With Separate Defendants Hasty, Morales and City of Gladstone, Missouri. Plaintiff Noelle Roselyn Aipperspach appears in person and through her counsel of record, Robert Sullivan. Defendants Michael Hasty, Christopher Morales and the City of Gladstone, Missouri appear by and through their counsel of record, Tim Mudd.

The plaintiff and defendants Hasty, Morales and City of Gladstone have advised the court that, subject to the approval of the court, they have settled and compromised all claims made or which could have been made by plaintiff against defendants Michael Hasty, Christopher Morales and the City of Gladstone, Missouri relating to or arising out of the March 18, 2010 death of Mahir Al-Hakim. Plaintiff and defendants Hasty, Morales and the City of Gladstone, Missouri each hereby expressly waive a jury trial and each stipulates to submit all issues contained within the

Amended Motion For Approval of Settlement to the court for determination. The Court has approved the waiver of a jury trial.

The parties thereafter presented evidence to the court. After reviewing the evidence, hearing the arguments of counsel and being duly advised, the Court makes the following findings:

1. That plaintiff Noelle Roselyn Aipperspach and Mahir Al-Hakim [deceased] are the natural children of Gayle Tenny Thorpe and Hussein Al-Hakim. Ms. Thorpe and Hussein Al-Hakim are both deceased.

2. That plaintiff Noelle Roselyn Aipperspach is the adult surviving sister of decedent Mahir Al-Hakim.

3. That decedent Mahir Al-Hakim was born in 1980 and died on March 18, 2010. Mahir Al-Hakim was never married, and Mahir Al-Hakim had no children. To date, no probate estate has ever been opened for Mahir Al-Hakim following March 18, 2010.

4. That Kimberly Williams, Rebecca Arbuckle, Bonnie Arbuckle and Sunshine Arbuckle are the natural daughters of Gayle Tenny Thorpe and Clarence Arbuckle; and that Kimberly Williams, Rebecca Arbuckle, Bonnie Arbuckle and Sunshine Arbuckle are the adult half-sisters of decedent Mahir Al-Hakim.

5. That beyond Kimberly Williams, Rebecca Arbuckle, Bonnie Arbuckle, Sunshine Arbuckle and plaintiff Noelle Roselyn Aipperspach, there are no other individuals in the class of persons entitled to bring an action for damages for the wrongful death of decedent Mahir Al-Hakim as defined within §537.080 RSMo.

6. That plaintiff's causes of action in this matter against defendants Hasty, Morales and the City of Gladstone are for wrongful death brought pursuant to §537.080 RSMo, as well as for purported violations of 42 U.S.C. §1983.

7. That decedent Mahir Al-Hakim died on March 18, 2010 in Riverside, Platte County, Missouri as the result of multiple gunshot wounds.

8. That plaintiff Noelle Roselyn Aipperspach, on behalf of all heirs at-law of decedent Mahir Al-Hakim, has alleged that defendants Michael Hasty, Christopher Morales and the City of Gladstone, Missouri participated in a purported use of excessive force against Mahir Al-Hakim on March 10, 2010, and that the death of Mahir Al-Hakim was caused or contributed to be caused by the alleged willful, intentional and reckless actions of defendant Christopher Morales.

9. That defendants Hasty, Morales and the City of Gladstone, Missouri have and continue to deny any and all liability in this matter. While defendants Hasty, Morales and Gladstone have and continue to deny any and all liability in this matter, plaintiff Noelle Aipperspach has agreed to compromise and fully settle all claims made or which could have been made by plaintiff against defendants Hasty, Morales and the City of Gladstone, Missouri in any way arising from or in any way connected with the death of Mahir Al-Hakim in exchange for a one-time payment of Two Thousand Five Hundred and no/100 Dollars ($2,500). This is a separate settlement with defendants Hasty, Morales and City of Gladstone, Missouri, and this settlement will have no impact upon the plaintiff's remaining claims asserted against all other defendants.

10. That plaintiff Noelle Roselyn Aipperspach has accepted the settlement offer made by defendants Michael Hasty, Christopher Morales and the City of Gladstone, Missouri, and

plaintiff Noelle Aipperspach has requested that that this Court enter an order approving and authorizing that settlement agreement pursuant to §537.095 R.S.Mo. Plaintiff Noelle Aipperspach likewise has requested that this Court enter an order apportioning the $2,500 settlement proceeds as set forth further below.

11.  That plaintiff Noelle Aipperspach has entered into a contract with her counsel [Sullivan Morgan & Chronic LLC] and has requested that reimbursement of case expenses incurred by her counsel in the prosecution of this matter be approved by this Court as being fair and reasonable, and that the law firm of Sullivan Morgan & Chronic LLC receive reimbursement of case expenses in the amount of One Thousand Eight Hundred Seventy-Five and no/100 Dollars ($1,875.00) from the proceeds of this separate settlement.

12.  Pursuant to §537.080 and §537.095 R.S.Mo., plaintiff Noelle Aipperspach has requested that a fair, reasonable and just apportionment of the $2,500 settlement proceeds in question be as follows:

   a.  To plaintiff Noelle Aipperspach [decedent's sister] the total combined sum of One Hundred Twenty-Five dollars ($125);

   b.  To Kimberly Williams [decedent's sister] the total combined sum of One Hundred Twenty-Five dollars ($125);

   c.  To Bonnie Arbuckle [decedent's sister] the total combined sum of One Hundred Twenty-Five dollars ($125);

   d.  To Sunshine Arbuckle [decedent's sister] the total combined sum of One Hundred Twenty-Five dollars ($125);

   e.  To Rebecca Arbuckle [decedent's sister] the total combined sum of One Hundred Twenty-Five dollars ($125);

   f.  To the law firm of Sullivan Morgan & Chronic LLC the total amount of One Thousand Eight Hundred Seventy-Five and no/100 Dollars ($1,875.00) for incurred case expenses.  The evidence and testimony shows that the law firm of Sullivan Morgan & Chronic LLC does <u>not</u> and will <u>not</u> ever make any claim for attorney fees against any

Page 4 of 7

Case 4:11-cv-01225-DGK   Document 152   Filed 01/23/13   Page 4 of 7

portion of this settlement agreement between plaintiff and defendants Hasty, Morales and the City of Gladstone, Missouri.

The court finds that the $1,875.00 in case expenses claimed by the law firm of Sullivan Morgan & Chronic LLC against the involved settlement proceeds are fair and reasonable, and the Court approves the payment of those case expenses from the involved $2,500.00 settlement proceeds. The court further finds that the requested apportionment of the remaining $625.00 settlement proceeds is fair, reasonable and is approved by the Court.

IT IS THEREFORE ORDERED, ADJUGED AND DECREED as follows:

a. The proposed separate settlement between plaintiff and defendants Michael Hasty, Christopher Morales and the City of Gladstone, Missouri in the total combined sum of Two Thousand Five Hundred Dollars ($2,500.00) is fair and reasonable, and is hereby approved.

b. Under Missouri law, Kimberly Williams, Rebecca Arbuckle, Bonnie Arbuckle, Sunshine Arbuckle and plaintiff Noelle Aipperspach are the only persons entitled to bring an action for the wrongful death of Mahir Al-Hakim pursuant to §537.095 R.S.Mo. Further, Kimberly Williams, Rebecca Arbuckle, Bonnie Arbuckle, Sunshine Arbuckle and plaintiff Noelle Aipperspach are the only individuals entitled under the law of Missouri to share in the apportionment of this settlement.

c. Pursuant to §537.095 R.S.Mo., all persons entitled to bring an action for the wrongful death of Mahir Al-Hakim have had an opportunity to join in this action and this separate settlement, and plaintiff Noelle Aipperspach has exercised due diligence in providing written notification to all such persons concerning the hearing on this Amended Motion For Approval of Settlement With Separate Defendants Hasty, Morales and City of Gladstone, Missouri.

d. The $2,500.00 settlement proceeds shall be apportioned as follows:

1. Plaintiff Noelle Aipperspach [decedent's sister]: $125.00;

2. Kimberly Williams [decedent's sister]: $125.00;

3. Bonnie Arbuckle [decedent's sister]: $125.00;

4. Sunshine Arbuckle [decedent's sister]: $125.00;

5. Rebecca Arbuckle [decedent's sister]: $125.00;

6. $1,875.00 to the law firm of Sullivan Morgan & Chronic LLC for incurred case expenses.

e. Defendants Hasty, Morales and the City of Gladstone, Missouri are to immediately pay the single-combined sum of $2,500 settlement proceeds jointly to Noelle Aipperspach and the Sullivan Morgan & Chronic LLC trust account, and plaintiff Noelle Aipperspach is ordered to execute and file a written receipt for these settlement proceeds along with a written satisfaction of the involved settlement proceeds. The Court further directs the law firm of Sullivan Morgan & Chronic LLC to distribute the settlement proceeds pursuant to the aforementioned findings and orders of the Court.

f. Plaintiff is ordered to execute the Separate Settlement Agreement and Release in favor of defendants Michael Hasty, Christopher Morales and City of Gladstone, Missouri [including all of their agents, representatives, servants, employees and officials] releasing them from any and all liability, claims, demands, actions and causes of action in any way related to or arising from the death of Mahir Al-Hakim. This Separate Settlement Agreement and Release is specifically found by the Court to not have any impact on plaintiff's remaining claims against the remaining defendants.

g. Plaintiff shall file a stipulation for dismissal with prejudice as to defendants Michael Hasty, Christopher Morales and City of Gladstone, Missouri.

IT IS SO ORDERED.

Dated: January 22, 2013        /s/ Greg Kays
                               GREG KAYS
                               UNITED STATES DISTRICT JUDGE